IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH HAIRSTON, | ) | |
| Petitioner, | ) | Civil Action No. 2:10-1119 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | |
| JEFFREY BEARD, et al., | ) | |
| Respondents. | ) | |

**MEMORANDUM**

Pending before the Court is Petitioner Kenneth Hairston's Motion To Reopen And For Stay Of Execution. [ECF No. 20]. For the reasons set forth below, the motion is dismissed without prejudice.

**I.**

On July 11, 2002, Hairston was sentenced to death in the Court of Common Pleas of Allegheny County following his conviction on two counts of first-degree murder in the killing of his wife and teenage son. On or around August 24, 2010, Hairston, through counsel with the Federal Public Defender's Office, commenced this habeas action. The Court appointed the Capital Habeas Corpus Unit of the Federal Public Defender's Office for the Western District of Pennsylvania to be Hairston's counsel and issued an Order directing Hairston to file his petition for a writ of habeas corpus under 28 U.S.C. § 2254 by a certain date. [ECF No. 2].

The Court subsequently learned that Hairston had a petition pending before his state trial court under Pennsylvania's Post Conviction Relief Act ("PCRA") in which he claimed that he was denied effective assistance of counsel on direct appeal due to appellate counsel's failure to perfect an appeal. Hairston requested as relief in that case that the state court reinstate his direct appeal rights *nunc pro tunc*.

1

On October 28, 2011, this Court issued a Memorandum Opinion in which it dismissed this case without prejudice because Hairston was exhausting his state court remedies. [ECF No. 18]. The state trial court subsequently reinstated his direct appeal rights *nunc pro tunc*. Hairston then filed a direct appeal with the Pennsylvania Supreme Court. [See ECF No. 21, ¶¶ 11-12].

On January 21, 2014, the Pennsylvania Supreme Court affirmed Hairston's judgment of sentence on direct appeal. Commonwealth v. Hairston, 84 A.3d 657 (Pa. 2014). He filed a petition for a writ of certiorari, which the United States Supreme Court denied on October 6, 2014. Hairston v. Pennsylvania, __ U.S. __, 135 S.Ct. 164 (2014).

On January 13, 2015, former Governor Corbett signed a warrant of execution scheduling Hairston's execution for March 5, 2015. The next day, Hairston filed the pending motion to reopen this case and for a stay of execution.

## II.

The Court declines to grant Hairston's motion at this time. His direct appeal just concluded on October 6, 2014. Accordingly, as Respondents set forth in their reply [ECF No. 21], Hairston's motion with this Court is premature because he can commence a PCRA action and request the same relief from the state court before which he was tried, convicted and sentenced. There is no reason for this Court to conclude that the state court would deny Hairston's request for an order staying his execution, but if it does he may refile this motion at that time.[1]

---

[1] In their reply, Respondents take the position that this Court reserve judgment on Hairston's motion pending action in the state court. There is no reason for this Court to do so. As set forth above, if the state court refuses to issue an order staying Hairston's execution, he may file another motion with this Court asking for that relief.

An appropriate Order follows.

                                                                       s/Nora Barry Fischer
                                                                       Nora Barry Fischer
                                                                       United States District Court Judge
                                                                       Western District of Pennsylvania